**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CIGNA HEALTH AND LIFE INSURANCE COMPANY and CIGNA HEALTHCARE, ILLINOIS, INC., | ) | No. 1:24-cv-1947 |
| Plaintiffs, | ) | Judge John J. Tharp, Jr. |
| v. | ) | |
| LABORATORY PHYSICIANS, LLC, and WINFIELD LABORATORY CONSULTANTS, S.C., | ) | |
| Defendants. | ) | |

**ORDER**

The defendants' motion to dismiss the amended complaint [9] is granted in part and denied in part, for the reasons explained in the following statement. A status hearing will be held on October 27, 2026, at 9:15 a.m. in Courtroom 2303.

**STATEMENT**

The plaintiffs, Cigna Health and Life Insurance Company and Cigna Healthcare, Illinois, Inc. (together, "Cigna") brought this suit against the defendants, Laboratory Physicians, LLC and Winfield Laboratory Consultants, S.C (the "Pathology Groups") in response to two arbitrations initiated by the defendants before the American Arbitration Association ("AAA"). Cigna provides health insurance by acting as an insurer for various fully insured plans. Separately, Cigna acts as a claims administrator (but not an insurer) of self-funded health plans.[1] For self-funded plans, the plan administrator delegates discretionary authority to Cigna to decide whether to use plan assets to pay claims from medical providers for services rendered to plan members (*i.e.*, employees). The Pathology Groups provide pathology services in hospitals that are "in network" with respect to Cigna, which means that the hospitals have contracts with Cigna that set reimbursement rates for services provided to Cigna plan members. The Pathology Groups themselves, however, are "out of network" and do not have contracts with Cigna. If a Cigna plan member goes to an in-network hospital but receives services from either of the Pathology Groups, they would not be covered by their Cigna plan when billed for those services. This situation is known as "balance billing" or "surprise billing."

[1] Self-funded insurance is a type of health plan in which an employer funds healthcare claims directly for eligible employees, in contrast to a fully insured program in which the employer pays for coverage by an insurance company.

Section 356z.3a of the Illinois Insurance Code limits the amount that a patient is individually responsible for in a balance-billing scenario. A health insurance issuer must ensure that the patient is only charged the rate that would be charged for an in-network provider. 215 Ill. Comp. Stat. 5/356z.3a. The health insurance issuer and the out-of-network healthcare provider must then negotiate the bill for those services. 215 Ill. Comp. Stat. 5/356z.3a(d). If the parties cannot agree, the statute establishes a binding arbitration process to resolve the dispute. *Id.*

This case arises from two such arbitrations. Both Laboratory Physicians and Winfield brought arbitrations against Cigna over disputes regarding the proper amount to pay for out-of-network pathology services. In the arbitration brought by Laboratory Physicians the arbitrator found for Laboratory Physicians, while in the arbitration brought by Winfield, the arbitrator found for Cigna.

Cigna initiated this lawsuit before either arbitration had concluded and amended its complaint after the issuance of the Laboratory Physicians award. In its amended complaint, Cigna alleges that the bringing of each of the arbitrations violated provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), because ERISA preempts claims that relate to self-funded insurance plans and requires the use of its own remedial scheme. Am. Compl. ¶¶ 3-4, ECF No. 9. Cigna seeks relief on four counts. Count I requests declaratory and equitable relief pursuant to ERISA's enforcement clause that would deny future arbitrators jurisdiction over these plans and would prevent the Pathology Groups from maintaining or bringing arbitrations that violate ERISA. *Id.* at ¶¶ 39-48. Count II requests similar relief to Count I, but under the Declaratory Judgment Act, 28 U.S.C. § 2201. Am. Compl. ¶¶ 49-59. Count III seeks to render the Laboratory Physicians award unenforceable under ERISA's enforcement clause. *Id.* at ¶¶ 60-70. Finally, Count IV seeks vacatur of the arbitration award under The Federal Arbitration Act ("FAA"), and the Illinois Uniform Arbitration Act ("IUAA"). *Id.* at ¶¶ 71-79.

The Pathology Groups moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on several grounds. The Pathology Groups argue that this Court lacks subject-matter jurisdiction because Section 356z.3a does not provide for any (state or federal) judicial review of arbitral awards and because some of Cigna's claims are moot. The Pathology Groups also contend that Cigna's lawsuit is an impermissible collateral attack on the arbitrators' jurisdictional findings, and that that the FAA and IUAA are inapplicable because the arbitrations here were not pursuant to a written agreement to arbitrate. Mot. to Dismiss 2-3, ECF No. 25.

For the following reasons, this Court grants the Pathology Groups' motion to dismiss with respect to Counts I, II, and IV and denies the motion to dismiss with respect to Count III. As Count III is brought against Laboratory Physicians only, Winfield is dismissed as a defendant from the case.

## I. Subject Matter Jurisdiction

Because the motion to dismiss challenges subject-matter jurisdiction, the Court must address that issue first. *See Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998). Once a court determines that it has jurisdiction over the claims, it may then review the sufficiency of the claims.

*Id.* Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). The issue of subject-matter jurisdiction is a threshold question of a court's competence to hear a claim, not a question of the legal sufficiency of the claim. See *Bell v. Hood*, 327 U.S. 678, 682 (1946).

**A. Mootness**

The Pathology Groups argue that Counts I and II are moot, as those counts seek equitable and declaratory relief from the maintenance of the now-completed arbitrations. "Mootness is a constitutional doctrine designed to avoid the issuance of advisory opinions." *Trinity 83 Dev., LLC v. ColFin Midwest Funding, LLC*, 917 F.3d 599, 601 (7th Cir. 2019). Article III of the Constitution grants the Judicial Branch the authority to adjudicate "Cases" and "Controversies." U.S. CONST. art. III, § 2. This requires an actual controversy to exist at all stages of the litigation, and not just at the time the complaint is filed. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013). Federal courts lack subject-matter jurisdiction when a case becomes moot. *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011). If later events resolve the dispute between the parties such that a court may no longer "grant any effectual relief whatever to a prevailing party, the case must be dismissed." *Id*. Even when a party seeks declaratory relief, there must still be a case or controversy. *See Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 676 (7th Cir. 2009). A declaratory judgment "is appropriate only when the court's ruling would have an impact on the parties." *Id.*

Cigna argues its claims are not moot because it seeks a declaratory judgment providing relief from future arbitrations that the Pathology Groups may bring. Cigna argues that these claims fall within the "capable of repetition, yet evading review" exception to mootness, which allows courts to resolve cases when the injuries occur too quickly to be addressed by judicial review. *See Hero v. Lake Cnty. Election Bd.*, 42 F.4th 768, 772 (7th Cir. 2022). This exception is "kept under tight control to keep it from swallowing the general prohibition on deciding moot cases." *Aslin v. Fin. Indus. Regul. Auth., Inc.*, 704 F.3d 475, 479 (7th Cir. 2013). Otherwise, "virtually any matter of short duration would be reviewable." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). The exception only applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Hero*, 42 F.4th at 772-73. Cigna argues that the first prong is satisfied because Section 356z.3a requires the arbitrator to provide "a written decision within 45 days." 215 Ill. Comp. Stat. 5/356z.3a(e). As to the second prong, Cigna alleges that out-of-network groups continue to provide services to Cigna's in-network hospitals, so Cigna expects to face similar arbitrations in the future.

While 45 days is a relatively short amount of time, Cigna has not shown a reasonable expectation that it will be subject to the same action again. Cigna claims that the Pathology Groups will continue to submit claims for non-covered services, and that Cigna has been subject to multiple other Section 356z.3a arbitrations, Response at 15, but neither allegation is on point. Cigna argues that Section 356z.3a, by its own terms, did not permit these arbitrations. Am. Compl. at 2 n.1. Cigna's claims therefore rest on the premise that the arbitrators exceeded their authority by allowing claims that were not permitted by either Section 356z.3a or ERISA. To apply the exception here, the Court would need to speculatively conclude that future arbitrators would

misinterpret Section 356z.3a and ERISA in the same way. This is not concrete enough to render the issue not moot. *See Murphy v. Hunt*, 455 U.S. at 482 (noting that "mere physical or theoretical possibility" is not sufficient to make a case capable of repetition). Cigna cannot request an advisory opinion telling AAA arbitrators how they should interpret the law just because they might make a mistake.

Because the "capable of repetition, yet evading review" exception does not apply, this case is moot with respect to Winfield. Cigna has already received a favorable arbitration award that resolved its dispute with Winfield. Tellingly, Cigna does not contest the Winfield award, even though Cigna's amended complaint implies that the arbitrator lacked jurisdiction to hear the case. Cigna cannot have it both ways: it is not entitled to an opinion limiting the AAA's jurisdiction that would leave the current award undisturbed. In light of the award, and because there is no basis for a declaratory judgment, there is no further relief that the Court can give the parties to the Winfield arbitration. Cigna's claims against Laboratory Physicians, however, are not entirely moot. Cigna challenges the validity of that award in Counts III and IV of the amended complaint. Because the payments under that award are at stake, there is a live dispute.

Counts I and II must be dismissed because there is no live controversy about whether Cigna must participate in the arbitrations now that they have concluded. Additionally, Winfield must be dismissed as a defendant in this case, because there is no controversy as to the Winfield arbitration award. The only surviving claims are those in Counts III and IV that concern the validity of the Laboratory Physicians award. The Court must now consider whether Congress has granted subject-matter jurisdiction over the remaining claims.

### B. Federal Question Jurisdiction

Federal courts have jurisdiction over cases "arising under" federal law. U.S. CONST. art. III, § 2; 28 U.S.C. § 1331. The claims of the amended complaint seek relief under ERISA, which allows fiduciaries to bring a civil action "to obtain other appropriate equitable relief (i) to redress [violations of ERISA] or (ii) to enforce any provisions of [ERISA] or the terms of the plan." 29 U.S.C. § 1132(a)(3). Further, ERISA provides that "the district courts of the United States shall have exclusive jurisdiction" over these actions (except for certain situations where state courts have concurrent jurisdiction). 29 U.S.C. § 1132(e)(1).

Count IV seeks relief under the FAA and IUAA. The FAA does not provide an independent grant of subject-matter jurisdiction. *See Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008) ("As for jurisdiction over controversies touching arbitration, [the FAA] . . . bestow[s] no federal jurisdiction but rather requir[es] an independent jurisdictional basis."). But the underlying controversy concerns allegations of violations of ERISA, so this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Cigna's claims arise under ERISA, a federal law.

The Pathology Groups argue that Section 356z.3a does not provide for judicial review; they contend that "Section 356z.3a does not authorize a court to review or overturn an arbitrator's final and binding decision" and that "no court can have jurisdiction to review or overturn a Section 356z.3a decision unless the statute provides for it." Reply 3, ECF No. 33. That is not correct. "Congress, not the states, determines the jurisdictional authority of the federal courts." *Rodriguez*

*v. Cook Cnty., Ill.*, 664 F.3d 627, 632 (7th Cir. 2011). Accordingly, Section 356z.3a cannot divest the federal courts of jurisdiction by restricting judicial review (nor could Section 356z.3a grant jurisdiction by providing for judicial review).

## II. Failure to State a Claim

Having found subject-matter jurisdiction, the Court may consider the sufficiency of Cigna's claim against Laboratory Physicians. To overcome a motion to dismiss, the amended complaint must contain sufficient facts to establish a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court assumes all well-pled facts in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Kilborn v. Amiridis*, 131 F.4th 550, 554 (7th Cir. 2025). The Court does not, however, accept legal conclusions as true. *Iqbal*, 556 U.S. at 678. As relevant here, Cigna has alleged that roughly 85% of the claims at issue are against self-funded health plans, and that Cigna performs various functions as an administrator of these plans. (Am. Compl. at 2-3.)

### A. Collateral Attack

Cigna argues, as it did during the arbitrations, that ERISA does not allow the arbitrators to exercise jurisdiction over claims against self-funded plans. The Pathology Groups argue that this is an impermissible collateral attack on the merits rulings of the arbitrators. "[I]n unexceptional circumstances, a party that has had an opportunity to litigate the question of subject matter jurisdiction may not reopen that question in a collateral attack following an adverse judgment." *United States* v. *Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000). A court will not treat such a judgment as void unless the jurisdictional error is "egregious." *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992). To be egregious, "the error must involve a clear usurpation of judicial power, where the court wrongfully extends its jurisdiction beyond the scope of its authority." *Tittjung*, 235 F.3d at 335. Put another way, there "must be no plausible basis" for the court's jurisdictional ruling. *Word Seed Church v. Vill. of Hazel Crest*, 111 F.4th 814, 823 (7th Cir. 2024). A merely erroneous jurisdictional ruling, once finalized, is nonetheless "good against collateral attack." *Id.* at 822. The Court must therefore determine whether there was an egregious jurisdictional error by the arbitrators.

Three provisions of ERISA govern the preemption of state laws: the preemption clause, the saving clause, and the deemer clause. *See FMC Corp. v. Holliday*, 498 U.S. 52, 57-58 (1990). The preemption clause preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "The pre-emption clause . . . establishes as an area of exclusive federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA. The saving clause returns to the States the power to enforce those state laws that 'regulat[e] insurance,' except as provided in the deemer clause. Under the deemer clause, an employee benefit plan governed by ERISA shall not be 'deemed' an insurance company, an insurer, or engaged in the business of insurance for purposes of state laws 'purporting to regulate' insurance companies or insurance contracts." *Holliday*, 498 U.S. at 58. The Supreme Court therefore reads the deemer clause to "exempt self-funded ERISA plans from state laws that 'regulate insurance' within the meaning of the saving clause." *Id.* at 61.

Section 5/356z.3a's billing and arbitration provisions govern the relationship between out-of-network providers and "health insurance issuer[s]." A "health insurance issuer" is defined by reference to Section 5 of the Illinois Health Insurance Portability and Accountability Act ("HIPAA"): "'Health insurance issuer' means an insurance company, insurance service, or insurance organization . . . which is licensed to engage in the business of insurance in a state and which is subject to Illinois law which regulates insurance (within the meaning of Section 514(b)(2) of [ERISA]." 215 Ill. Comp. Stat. 97/5. But, that definition contains an important exception to what can be considered a health insurance issuer: "[t]he term does not include a group health plan." *Id*. Section 5 of the Illinois HIPAA further defines a group health plan to be "an employee welfare benefit plan (as defined in Section 3(1) of [ERISA]) to the extent that the plan provides medical care . . . to employees . . . directly or through insurance, reimbursement, or otherwise." *Id.* Taking these definitions together, a self-funded ERISA plan is not a "health insurance issuer" under Section 5/356z.3a because it is a group health plan. And because Section 5/356z.3a does not attempt to apply insurance regulations to self-funded plans, the self-funded plans in this case should not have been subject to arbitration under the plain meaning of the state statute.

Nevertheless, the arbitrators in this case applied Section 5/356z.3a to self-funded plans administered by Cigna. Not only does this interpretation contradict the state statute, it contradicts ERISA, which prevents state regulation of self-funded plans. *See Holliday*, 498 U.S. 59 ("[W]e have not hesitated to apply ERISA's pre-emption clause to state laws that risk subjecting plan administrators to conflicting state regulations."). Section 5/356z.3a cannot be used against Cigna when it acts as an administrator of self-funded plans. In this role, Cigna cannot be treated as a "health insurance issuer," because the insurance exception of the saving clause is inapplicable when an insurer "was merely administering a self-funded plan, which is not an insurance policy for purposes of the exception." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 874 (7th Cir. 1997).

This situation presents an unusual question of judicial review. Ordinarily, a federal court may only review an arbitration in accordance with the grounds set out in the FAA. *See Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008). But the FAA only applies to arbitrations pursuant to a written agreement to arbitrate. *See* 9 U.S.C. § 2. This arbitration was mandated by a state law, and the parties to the arbitration had no contract, so the FAA is inapplicable. The issue, then, is whether this Court may nevertheless provide equitable relief from the arbitration award under ERISA. ERISA "expressly includes a broadly worded pre-emption provision to ensure that plans and plan sponsors are subject to a uniform body of benefits law." *Carnes v. HMO Louisiana, Inc.*, 114 F.4th 927, 930 (7th Cir. 2024) (internal quotations omitted). While Section 5/356z.3a is not facially in conflict with ERISA, given the sweeping scope of ERISA preemption, it would be unusual if arbitrators could issue awards that conflicted with ERISA and have those awards shielded from any sort of judicial review. Allowing self-funded plans to be erroneously swept up into state dispute resolution proceedings would undermine the nationwide uniformity Congress intended to apply to those plans. To the extent that Section 5/356z.3a creates a process that allows awards that conflict with ERISA to be enforceable, it must be preempted.

Because Supreme Court precedent plainly states that ERISA bars state laws from regulating self-funded plans, the Pathology Groups' claims against self-funded plans should not have been subject to the jurisdiction of an arbitration mandated by Illinois law. The arbitrators'

exercise of jurisdiction over these plans was an improper expansion of the scope of their powers, and there was "no plausible basis" for their jurisdictional rulings. *Word Seed Church v. Vill. of Hazel Crest*, 111 F.4th 814, 823 (7th Cir. 2024). Cigna's amended complaint is therefore not an impermissible collateral attack, and this Court may properly review whether the arbitrators had subject-matter jurisdiction to decide the claims.

### B. FAA and IUAA Claims

Cigna does not contest the dismissal of Count IV. Response 15, ECF No. 32. Count IV seeks relief under the FAA and IUAA, which, as Cigna acknowledges, apply to arbitrations carried out pursuant to a "written provision" or "written agreement" to arbitrate. *See* 9 U.S.C. § 2; 710 Ill. Comp. Stat. 5/1. Here, Cigna does not allege that the parties entered into a contractual agreement to arbitrate. As the FAA and IUAA do not apply, the claims in Count IV must be dismissed. *See PHI Health, LLC v. Health Care Serv. Corp.*, 2026 WL 1802985, at *5 (N.D. Ill. June 23, 2026) (finding that the FAA cannot be used to confirm a statutorily compelled dispute resolution process); *see also PHI Health, LLC v. Health Care Serv. Corp.*, 2026 WL 2254879, at *5 (N.D. Ill. Aug. 5, 2026) ("The FAA and IUAA require written arbitration agreements.").

### C. Waiver and Availability of Remedies under ERISA

The Pathology Groups raise several new arguments for dismissal in their reply brief. The Pathology Groups suggest that Cigna waived its jurisdictional arguments through its conduct during the arbitration. Reply 7-10. They also argue that ERISA does not provide for the injunctive or declaratory relief that Cigna seeks. *Id.* at 10-11. The Pathology Groups also argue that they are not proper defendants under the enforcement provisions of ERISA. *Id.* The Court disregards these arguments for now, because "district courts are entitled to treat an argument raised for the first time in a reply brief as waived." *O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020). The underlying principle is "to ensure that the opposing party is not prejudiced by being denied sufficient notice to respond to an argument." *Hernandez v. Cook Cnty. Sherriff's Off.*, 634 F.3d 906, 913 (7th Cir. 2011). The Pathology Groups did not raise these arguments until after Cigna had filed its response, and it would be prejudicial to consider these issues now that Cigna cannot respond.

*　　*　　*

For the foregoing reasons, the Pathology Groups' motion to dismiss is granted as to Counts I, II, and IV, and denied as to Count III. Because Count III is brought solely against Laboratory Physicians, Winfield is dismissed as a defendant from this case. For the purposes of this motion to dismiss, the Court has presumed that some portion of the Laboratory Physicians award included claims against self-funded plans, which could render some or all of the arbitration award unenforceable. At this stage of the litigation, the factual record remains undeveloped, and the composition of the claims is uncertain. It is therefore premature to rule on the validity of the Laboratory Physicians award.

A status hearing will be held on October 27, 2026, at 9:15 a.m. in Courtroom 2303.

Date: October 8, 2026

John J. Tharp, Jr.
United States District Judge